# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SWIFT STOP, INC., | § § | |
| Plaintiff, | § § | CIVIL ACTION FILE |
| v. | § § | No. 1:20-cv-2130 |
| MATTRESS FIRM, INC., | § § | |
| Defendant. | § § | |

## DEFENDANT'S AFFIRMATIVE DEFENSES, ANSWER, AND COUNTERCLAIM

Defendant Mattress Firm, Inc. ("Mattress Firm") files this Answer and Counterclaim to the Complaint of Plaintiff Swift Stop, Inc. ("Swift Stop"), and would respectfully show the following:

### I.

### ANSWER

1. The Complaint is a form filed in a Georgia Magistrate Court seeking possession of leased premises and an award of damages for unpaid rent. The allegations are not stated in numbered paragraphs and are not amenable to corresponding numbered responses.

2. Mattress Firm denies all claims set forth in the Complaint, including but not limited to the allegation that Mattress Firm owes past due rent of $106,234.46 for the month(s) of January-May 2020 and the allegation that rent is accruing up to the date of judgement of vacancy at the rate of $17,969.26 per month.

## II.
## AFFIRMATIVE DEFENSES

3. Mattress Firm's obligations under the lease are discharged, excused, or suspended under the impossibility and/or impracticability doctrine.

4. Mattress Firm's obligations under the lease are discharged, excused, or suspended under the frustration of purpose doctrine.

5. Mattress Firm's obligations under the lease are discharged, excused, or suspended due to the failure of an express or implied condition precedent.

6. Mattress Firm's obligations under the lease are discharged, excused, or suspended due to a failure of consideration.

7. Swift Stop's damages are barred to the extent that Mattress Firm's use of the leased premises was prohibited by law or contrary to public policy.

8. Swift Stop's damages are barred in whole or in part due to Swift Stop's failure to mitigate.

## III.

## COUNTERCLAIM FOR ATTORNEYS' FEES AND COSTS

### THE PARTIES

1. Swift Stop, Inc. is a Georgia corporation having its principal place of business in Dunwoody, DeKalb County, Georgia.

2. Mattress Firm is a Delaware corporation having its principal place of business in Houston, Texas.

### JURISDICTION AND VENUE

3. On or about May 5, 2020, Swift Stop filed its Dispossessory Action Form (the "Complaint") against Mattress Firm in the Magistrate Court of DeKalb County, Georgia, Case No. 20D08480, styled *Swift Stop, Inc. v. Mattress Firm, Inc.*

4. On May 18, 2020, Mattress Firm properly removed the case to this Court. [Doc. 1].

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States, Mattress Firm is not a citizen of this State, and the matter in controversy exceeds the sum of $75,000, exclusive of interests and cost.

6. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2).

## OPERATIVE FACTS

7. Swift Stop as Landlord and Mattress Firm as Tenant entered into a lease agreement on December 29, 2015 ("the Lease") for the premises located at 1486 Scott Boulevard, Decatur, DeKalb County, Georgia ("the Premises"). *See* Lease, attached together with its First Amendment as Exhibit A.

8. The allegations in the Complaint arise out of the Lease.

9. Under paragraph 11.3 of the Lease, if either party to the Lease institutes legal action against the other, the prevailing party is entitled to recover its reasonable attorneys' fees and costs incurred by such party in connection with such litigation. Ex. A, § 11.3.

## CAUSE OF ACTION
## COUNT ONE
### Claim for Attorneys' Fees and Costs

10. Mattress Firm incorporates by reference each paragraph above as if fully set forth herein.

11. Per Section 11.3 of the Lease, the prevailing party in this matter is entitled to recover its reasonable attorneys' fees and costs incurred in connection with this litigation.

12. Upon this Court's determination that Mattress Firm is the prevailing party in this action, Mattress Firm is entitled to recover, and requests an award of, its reasonable attorneys' fees and costs incurred in connection with this action.

## IV.

## PRAYER FOR RELIEF

Mattress Firm requests that Swift Stop take nothing on its claims, that Mattress Firm be awarded its reasonable attorneys' fees and costs, and that Mattress Firm be awarded all further relief to which it may be entitled.

Respectfully submitted this 2nd day of June 2020.

<u>**/s/ Jeffrey D. Horst**</u>
Jeffrey D. Horst
Georgia Bar No. 367834
Joy Gist Lewis
Georgia Bar No. 296261
Barclay S. Hendrix
Georgia Bar No. 917852
*Attorneys for Defendant*
KREVOLIN & HORST, LLC
1201 W. Peachtree Street, NW
Atlanta, Georgia 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
jlewis@khlawfirm.com
hendrix@khlawfirm.com

John B. Thomas
Texas Bar No 19856150
jthomas@hicks-thomas.com

HICKS THOMAS LLP
700 Louisiana Street
Suite 2300
Houston, Texas 77002
Telephone: (713) 547-9100
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed and served the foregoing **DEFENDANT'S AFFIRMATIVE DEFENSES, ANSWER, AND COUNTERCLAIM** by using the Court's CM/ECF filing system, which will automatically send service copies to all parties of record.

This 2nd day of June 2020.

**/s/ Jeffrey D. Horst**
Jeffrey D. Horst
Georgia Bar No. 367834
Joyce Gist Lewis
Georgia Bar No. 296261
Barclay S. Hendrix
Georgia Bar No. 917852
*Attorneys for Defendant*
KREVOLIN & HORST, LLC
1201 W. Peachtree Street, NW
3250 One Atlantic Center
Atlanta, Georgia 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
jlewis@khlawfirm.com
hendrix@khlawfirm.com
